| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| RANDY GENE CHESTEEN, | § |
| | § |
| Petitioner, | § |
| | § |
| *versus* | § CIVIL ACTION NO. 1:10-CV-106 |
| | § |
| RICK THALER, | § |
| | § |
| Respondent. | § |

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, Randy Gene Chesteen, an inmate confined at the James Lynaugh Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends this action be dismissed as barred by the applicable statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. FED. R. CIV. P. 72(b). After careful consideration, the court finds petitioner's objections lacking in merit. As the magistrate judge correctly concluded, the record in the present case demonstrates petitioner was aware of the facts supporting his claim at the time of his trial in May of 2008. The date on which

petitioner's limitations period began to run, therefore, was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under Section 2244(d)(1)(A) - June 13, 2008. Petitioner's first and second state applications for writ of habeas corpus failed to toll statutorily the limitations period. *See Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999); *see also See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). In addition, petitioner has failed to demonstrate rare and exceptional circumstances to warrant equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Petitioner's federal application for writ of habeas corpus filed February 17, 2010, is untimely and barred by the statute of limitations.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the petitioner has not shown that the issue of whether his claims are time-barred is subject to debate among jurists of reason or worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**ORDER**

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 17th day of February, 2011.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE